**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

PATRICK NICHOLS,

    Plaintiff,

    v.

N. BUMGARNER,

    Defendant.

Civil Action No. BAH-23-0014

**MEMORANDUM OPINION**

Plaintiff Patrick Nichols, who is incarcerated at Maryland Correctional Training Center ("MCTC"), has filed this civil action pursuant to 42 U.S.C. § 1983 against Montgomery County Police Officer N. Bumgarner.  ECF 1.  Officer Bumgarner moved to dismiss the complaint on October 17, 2023.  ECF 14 (the "Motion").  Nichols was advised of his right to file an opposition response to Officer Bumgarner's Motion and of the consequences of failing to do so.  ECF 15.  Nichols filed an opposition, ECF 19, to which the Defendant replied, ECF 22.  The Court has reviewed the filings and finds a hearing unnecessary.  *See* Loc. R. 105.6 (D. Md. 2023).  For the reasons stated below, Officer Bumgarner's Motion shall be granted.

## I.   BACKGROUND

Nichols' complaint alleges that on March 24, 2022, Officer Bumgarner slammed him on the ground during an arrest which "fractur[ed his] arm and crack[ed his] bones."  ECF 1, at 6.  Nichols was taken to a hospital where x-rays confirmed that his arm was fractured.  *Id.*  Additionally, he states that during the arrest "another officer had his knee on" Nichols' throat and he "couldn't [breathe] for a second."  *Id.*  He seeks four million dollars in damages.  *Id.* at 5, 7.  Nichols includes a one-page attachment which largely reiterates what is stated in his complaint.

ECF 1-1.[1]  He adds in the attachment that he "did not do nothing" to Officer Bumgarner.  *Id.*  No additional detail is provided.

On October 17, 2023, Officer Bumgarner moved to dismiss the complaint.  ECF 14. Specifically, he argues that Nichols' complaint should be dismissed because it does not comply with the general rules of pleading, nor does it state a viable claim.  ECF 14-1, at 3.  More specifically, Officer Bumgarner argues that there are insufficient facts put forth by Nichols to demonstrate that Bumgarner's actions were "unlawful in the context of the events leading to his arrest, his behavior, or the arrest itself, or that Officer Bumgarner's action was in any way unjustified."  *Id.* at 4.  Further, Officer Bumgarner argues that, if Nichols' complaint is construed to advance an excessive force claim, Nichols has failed to demonstrate that any force exerted was excessive.  *Id.* at 4–5.  Finally, Officer Nichols argues he is entitled to qualified immunity.  *Id.* at 5–6.

Nichols reiterates in his opposition response that Officer Bumgarner violated his constitutional rights during the arrest.  ECF 19, at 2.  He specifies that he is raising a claim of excessive force under the Fourth Amendment.  *Id.*  He further states he does not believe Officer Bumgarner is entitled to qualified immunity.  *Id.* at 1.  He does not provide any additional factual details regarding the incident.

Officer Bumgarner replied,  again maintaining that Nichols has failed to provide a factual predicate to support his assertion that any force used by Officer Bumgarner was unlawful.  ECF 22.  Thus, Officer Bumgarner reiterates that Nicholas has not stated a claim, nor has he pled facts to show he is entitled to relief.  *Id.*  Further, he argues that Nichols has failed to overcome Officer

---

[1] This attachment includes case number 22-cv-2662.  However, that complaint deals with a medical care issue at Montgomery County Correctional Facility and appears to be wholly unrelated to this matter.  That case was closed January 5, 2024.  *See* Civ. No. JRR-22-2662, ECF 7.

Bumgarner's qualified immunity. *Id.* As such, he asks that this Court dismiss Nichols' complaint with prejudice. *Id.* at 3.

## II.   STANDARD OF REVIEW

Officer Bumgarner moves to dismiss the complaint for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

In reviewing the motion, the Court accepts the well-pleaded allegations as true and in the light most favorable to Nichols. *Twombly*, 550 U.S. at 555. "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear

failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

## III.    DISCUSSION

Construing Nichols' complaint liberally, he appears to advance a claim that Officer Bumgarner utilized excessive force against him during his arrest, as evidenced by Nichols' fractured arm. Claims of excessive force during an arrest or investigatory stop are examined under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395–97 (1989); *see also Cty. of Los Angeles v. Mendez*, 581 U.S. 420, 427 (2017) ("The framework for analyzing excessive force claims is set out in *Graham*."). Reasonableness is assessed by weighing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Mendez*, 581 U.S. at 427 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). The operative question is "whether the totality of the circumstances justifies a particular sort of search or seizure." *Id*. at 427-28 (quoting *Garner*, 471 U.S. at 8–9). Factors to be included in making this determination include the severity of the crime at issue, whether there is an immediate threat to the safety of the officer or others, and whether the subject is resisting arrest or attempting to flee. *See Graham*, 490 U.S. at 396. The determination is to be made "'from the perspective of a reasonable officer on the scene' . . . 'based upon the information the officers had when the conduct occurred.'" *Mendez*, 581 U.S. at 428 (first quoting *Graham*, 490 U.S. at 397; then quoting *Saucier v. Katz*, 533 U.S. 194, 207 (2001)). The Constitution "does not require police to gamble with their lives in the face

4

of a serious threat of harm." *Waterman v. Batton*, 393 F.3d 471, 479 (4th Cir. 2005) (quoting *Elliott v. Leavitt*, 99 F.3d 640, 641 (4th Cir. 1996)).   Further, "'the right to make an arrest' 'necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.'" *E.W. ex rel. T.W. v. Dolgos*, 884 F.3d 172, 192 (4th Cir. 2018) (quoting *Graham*, 490 U.S. at 396); *see also Martin v. Gentile*, 849 F.2d 863, 869 (4th Cir. 1988).

Here, Nichols does not put forth sufficient factual information to state a claim for excessive force.   In both his complaint and his opposition, Nichols puts forth almost no detail, and instead appears to suggest that his fractured arm alone is evidence that any force utilized by Office Bumgarner was excessive. *See* ECFs 1, 19.   He provides no information about the circumstances of the arrest, the severity of the alleged crime at issue, his actions, or any potential threat which existed to himself, the officers, or bystanders.   Without such information, Nichols has not provided sufficient facts to establish the elements of his claim, and any conclusory statement that the force used was excessive is not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 665.   Indeed, without more detail, Officer Bumgarner cannot properly respond to the claim that any force utilized was excessive.   Further, the Court cannot determine whether any force utilized by Officer Bumgarner was reasonable in light of the circumstances at issue.   Nichols has failed to comply with the pleading requirements outlined in the Federal Rules of Civil Procedure and has failed to state a viable claim.   As such, his complaint must be dismissed.

Though Officer Bumgarner requested dismissal with prejudice, this request will be denied. Nichols will be given an opportunity to amend the complaint.   "The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825 (D. Md. 2013) (internal quotation marks omitted). Courts may grant a plaintiff leave to amend if "there is a chance that amendment can cure a deficient complaint." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 n.4 (2020).   Because the complaint is being dismissed for failure to state a claim as a result of insufficient information, more

factual allegations may cure the complaint's deficiencies.  Nichols has not otherwise amended his complaint.  As such, the Court will give Nichols twenty-eight (28) days in which to file an amended complaint.  If he does not file an amended complaint within that time, the case will be dismissed with prejudice without further warning.

## IV.    CONCLUSION

For the foregoing reasons, Officer Bumgarner's Motion to Dismiss (ECF 14) is granted. The complaint is dismissed without prejudice.  However, Nichols will be given an opportunity to amend the complaint within twenty-eight (28) days.

A separate Order follows.


Date:   April 1, 2024                                         _____/s/_____
                                                             BRENDAN A. HURSON
                                                             United States District Judge