UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PATRICK NICHOLS,

    Plaintiff,

v().

N. BUMGARNER,

    Defendant.

Civil Action No. BAH-23-0014

**MEMORANDUM OPINION**

Plaintiff Patrick Nichols filed this civil action pursuant to 42 U.S.C. § 1983 against Montgomery County Police Officer N. Bumgarner on January 3, 2023. ECF 1. After briefing by both parties, this Court granted Bumgarner's motion to dismiss without prejudice and afforded Nichols an opportunity to file an amended complaint. ECF 25. Nichols filed his amended complaint on April 15, 2024, ECF 26, and Bumgarner has again moved for dismissal, ECF 27. Nichols opposed the motion, ECF 29, and Bumgarner replied, ECF 31. The issues have been fully briefed. The Court has reviewed the pleadings and finds a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, Officer Bumgarner's motion shall be granted and Nichols' amended complaint is dismissed with prejudice.

**I.    BACKGROUND**

For context, the Court provided the following background information in its April 1, 2024, memorandum opinion:

> Nichols' complaint alleges that on March 24, 2022, Officer Bumgarner slammed him on the ground during an arrest which "fractur[ed his] arm and crack[ed his] bones." ECF 1, at 6. Nichols was taken to a hospital where x-rays confirmed that his arm was fractured. *Id*. Additionally, he states that during the arrest "another officer had his knee on" Nichols' throat and he "couldn't [breathe] for a second." *Id*. He seeks four million dollars in damages. *Id*. at 5, 7.

>Nichols includes a one-page attachment which largely reiterates what is stated in his complaint. He adds in the attachment that he "did not do nothing" to Officer Bumgarner. *Id.* No additional detail is provided.
>
>On October 17, 2023, Officer Bumgarner moved to dismiss the complaint. ECF 14. Specifically, he argues that Nichols' complaint should be dismissed because it does not comply with the general rules of pleading, nor does it state a viable claim. ECF 14-1, at 3. More specifically, Officer Bumgarner argues that there are insufficient facts put forth by Nichols to demonstrate that Bumgarner's actions were "unlawful in the context of the events leading to his arrest, his behavior, or the arrest itself, or that Officer Bumgarner's action was in any way unjustified." *Id*. at 4. Further, Officer Bumgarner argues that, if Nichols' complaint is construed to advance an excessive force claim, Nichols has failed to demonstrate that any force exerted was excessive. *Id*. at 4–5. Finally, Officer Bumgarner argues he is entitled to qualified immunity. *Id*. at 5–6.
>
>Nichols reiterates in his opposition response that Officer Bumgarner violated his constitutional rights during the arrest. ECF 19, at 2. He specifies that he is raising a claim of excessive force under the Fourth Amendment. *Id*. He further states he does not believe Officer Bumgarner is entitled to qualified immunity. *Id.* at 1. He does not provide any additional factual details regarding the incident.
>
>Officer Bumgarner replied, again maintaining that Nichols has failed to provide a factual predicate to support his assertion that any force used by Officer Bumgarner was unlawful. ECF 22. Thus, Officer Bumgarner reiterates that Nicholas has not stated a claim, nor has he pled facts to show he is entitled to relief. *Id.* Further, he argues that Nichols has failed to overcome Officer Bumgarner's qualified immunity. *Id.* As such, he asks that this Court dismiss Nichols' complaint with prejudice. *Id*. at 3.

ECF 24, at 1–3.  The Court found that Nichols did not put forth sufficient factual information to state a claim for excessive force because, in both his complaint and his opposition, he put forth almost no detail, and instead appeared to suggest that his fractured arm alone demonstrated that any force utilized by Officer Bumgarner was excessive.  *Id.* at 5.  Further, he provided no information about the circumstances of the arrest, the severity of the alleged crime, his actions, or any potential threat which existed to himself, the officers, or bystanders.  *Id.*  Without such information, the Court found that Nichols had not provided sufficient facts to establish the elements of his claim, and conclusory statements that the force used was excessive were insufficient.  *Id.*  Further, Officer Bumgarner could not properly respond to the claim that any force

2

utilized was excessive, nor could the Court determine whether any force utilized by Officer Bumgarner was reasonable in light of the circumstances at issue. *Id.* Thus, the complaint was subject to dismissal.

However, although Officer Bumgarner requested dismissal with prejudice, the request was denied, and Nichols was given an opportunity to amend the complaint in order to correct the identified deficiencies. *Id.* Nichols filed his amended complaint on April 15, 2024. This time, he states the following:

> On 3/24/21 PO3 N. Bumgarner life was in no danger or harm. PO3 N. Bumgarner had stop me because they said I had a [warrant] and doing [sic] the arrest and search P.O.3 N. Bumgarner had slamme [sic] me on the grounds and use force for no reason and P.O.3 Schmidt had put his knee on my throat and I couldn't [breathe] for a second. And when P.O.3 N. Bumgarner had [slam] me on the ground and broke my arm and crack two bones in my arms P.O.3 N Bumgarner and P.O.3 Schmidt was wrongful for damaging my arm and putting his knee on my throat and I couldn't [breathe] for a second my life was in danger.

ECF 26, at 4–5. Officer Bumgarner again moves to dismiss the amended complaint, arguing that Nichols has failed to cure the identified deficiencies in his prior pleading and has failed to state a claim. ECF 27-1, at 2. He also argues he is entitled to qualified immunity. *Id.* at 5.

Nichols responded in opposition. ECF 29. He reiterates his belief that Bumgarner acted "unlawfully" and "illegally." *Id.* at 2. He also reiterates that his arm was broken. *Id.* He states that he has video of the arrest but fails to describe what the video shows. *Id.* He urges the Court to find that his "case is not meritless," and argues that he has "sufficient facts showing that Officer Bumgarner was wrong by law." *Id.* No additional factual details are provided.

## II. STANDARD OF REVIEW

Officer Bumgarner moves to dismiss the amended complaint with prejudice for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations

3

of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

In reviewing the motion, the Court accepts the well-pleaded allegations as true and construes them in the light most favorable to Nichols. *Twombly*, 550 U.S. at 555. "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because

they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III. DISCUSSION

Once again, Nichols appears to advance a claim that Officer Bumgarner utilized excessive force against him during his arrest, as evidenced by his fractured arm. Claims of excessive force during an arrest or investigatory stop are examined under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395–97 (1989); *see also Cty. of Los Angeles v. Mendez*, 581 U.S. 420, 429 (2017) ("The framework for analyzing excessive force claims is set out in *Graham*."). Reasonableness is assessed by weighing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Mendez*, 581 U.S. at 427 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). The operative question is "whether the totality of the circumstances justifie[s] a particular sort of search or seizure." *Id.* at 427–28 (quoting *Garner*, 471 U.S. at 8–9). Factors to be included in making this determination include the severity of the crime at issue, whether there is an immediate threat to the safety of the officer or others, and whether the subject is resisting arrest or attempting to flee. *See Graham*, 490 U.S. at 396. The determination is to be made "'from the perspective of a reasonable officer on the scene' . . . 'based upon the information the officers had when the conduct occurred.'" *Mendez*, 581 U.S. at 428 (first quoting *Graham*, 490 U.S. at 397; then quoting *Saucier v. Katz*, 533 U.S. 194, 207 (2001)). The Constitution "does not require police to gamble with their lives in the face of a serious threat of harm." *Waterman v. Batton*, 393 F.3d 471, 479 (4th Cir. 2005) (quoting *Elliott v. Leavitt*, 99 F.3d 640, 641 (4th Cir. 1996)). Further, "the right to make an arrest necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396; *see also Martin v. Gentile*, 849 F.2d 863, 869 (4th Cir. 1988).

5

Here, despite being notified of the deficiencies in his original complaint and given an opportunity to amend, Nichols still does not put forth sufficient factual information to state a claim for excessive force. His amended complaint adds virtually no additional facts to those provided in the original complaint. *See generally* ECF 26. Specifically, he has provided no information about the circumstances of the arrest, the severity of the alleged crime at issue, his actions, or any potential threat which existed to himself, the officers, or bystanders. *Id.* His conclusory statements that Officer Bumgarner's "life was in no danger or harm" are not supported by any factual details. *Id.* These unsupported allegations are insufficient. Although a complaint need not contain detailed allegations, the facts alleged must put forth "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Without any additional information having been provided in the amended complaint, the Court finds that Nichols has not plead sufficient facts to establish the elements of his claim. As such, his amended complaint must be dismissed. This time, with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Officer Bumgarner's motion to dismiss, ECF 27, is GRANTED, and Nichols' complaint is dismissed with prejudice.

A separate implementing order follows.

Date: <u>November 26, 2024</u>                         /s/
                                                                 BRENDAN A. HURSON
                                                                 United States District Judge